No. 45458.—Protests 985780–G, etc., of F. W. Woolworth Co. (Baltimore).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel and on the authority of *United States* v. *Woolworth* (28 C. C. P. A. 196, C. A. D. 145) the claim at 45 percent under paragraph 397 was sustained.

No. 45459.—Protest 50288–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

No, 45460.—Protests 982669–G, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

No. 45461.—Protest 14012–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

No. 45462.—Protests 989717–G, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

No. 45463.—Protests 997908–G, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.